IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROBERT LEON MERTENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV05-147-N-EJL |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| GUY SHENSKY, Idaho State Police, | ) | |
| in his individual capacity, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This case was reassigned to this Court for lack of all parties' consent to the jurisdiction of a United States Magistrate Judge to enter final orders in this matter. Pending before the Court in this civil rights case are Motions to Dismiss filed by Defendant Ray Barker (Docket No. 26), and by the Idaho State Police (ISP) Defendants Guy Shensky, Curt Kastens, Terry Morgan, Julie Mogan, Paul Berger, Rick Yeend, Beth Bradbury, Tom Wilson, Alfred Swanson, Walt Richard, Leslie Lehman, and Kevin Bennet (Docket No. 16). Also pending is Plaintiff's Motion for Extension of Time to Respond to Barker's Motion to Dismiss (Docket No. 30). Plaintiff has filed his Responses, and the Motions are now fully briefed. Having reviewed the parties' arguments, as well as the record in this case, the Court concludes that oral argument is unnecessary. Therefore, the Court enters the following Order granting in part and denying in part the Motions to Dismiss.

**MEMORANDUM ORDER  1**

**I.**

**INTRODUCTION**

**A.    Background**

Plaintiff asserts that, on April 9, and April 10, 2003, at the time of his arrest and the

execution of a search warrant covering his home and business, law enforcement officers from

the federal government, Kootenai County, and the Idaho State Police (ISP) stole or destroyed

various items belonging to him or to his mother, who is now deceased.  Plaintiff particularly

asserts that law enforcement officers stole from his home the following: a brown attache case

(containing a private investigator's report, photographs, and receipts), his mother's wedding

ring, silver bullion bars, and a gold coin collection.  He alleges that officers stole a box of 24

or 25 rare coins and 36 ounces of gold bullion from his business.

Ray Barker is Plaintiff's former criminal defense attorney.  Plaintiff alleges in his

Complaint that Barker conspired with federal law enforcement officers to destroy

photographic evidence of the state and federal officers' theft of Plaintiff's personal property.

In early December 2003, Plaintiff and Barker reviewed photographs taken during the search

of his business.  Plaintiff asserts that the photos showed what appeared to be the brown

attache case and/or receipts for the gold bullion.  Plaintiff alleges that Barker later claimed

that the photos had been lost, but on another occasion, Barker claimed that federal law

enforcement officers had removed or destroyed the photos. Plaintiff's Complaint alleges that

Barker conspired with federal agents to cover up the loss of Plaintiff's personal property by

participating in the loss or removal of the photographs showing the brown attache case and/or

**MEMORANDUM ORDER  2**

receipts.

**B.     Applicable Law**

Defendants seek dismissal of Plaintiff's claims against them.  A complaint should not

be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)

"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief."  *Durning v. First Boston Corp.*, 815 F.2d 1265,

1267 (9th Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In reviewing

a case for dismissal, the Court is required to treat all allegations of material fact as true and

to construe them in a light most favorable to the non-moving party.  *Id.* (citing *Western*

*Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474 U.S.

1056 (1986)).

The federal courts view Rule 12(b)(6) motions with disfavor.  *Gilligan v. Jamco Dev.*

*Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A court should dismiss a case without leave to

amend only in "extraordinary" cases.  *United States v. City of Redwood*, 640 F.2d 963, 966

(9th Cir. 1981).

To state a claim under § 1983, a plaintiff must allege a violation of rights protected

by the Constitution or created by federal statute proximately caused by conduct of a person

acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Similarly, a *Bivens* claim is a cause of action for monetary damages against federal officials

in their individual capacities for a violation of constitutional rights.   *See Bivens v. Six*

*Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388  (1971).

**MEMORANDUM ORDER  3**

## II.

## BARKER'S MOTION TO DISMISS

### A.    Failure to State a Claim

Plaintiff alleges that Defendant Barker "conspired to cover up the deprivation of plaintiff's personal property which occurred without 'the due process of law' in violation of his Fifth Amendment right under the U.S. Constitution." *Complaint*, at ¶ 87.   Plaintiff alleges that Barker conspired with "federal law enforcement officials." *Id*. at  ¶ 86.

A conspiracy to deprive a person of his constitutional rights under either § 1983 or *Bivens* requires that the plaintiff show: "(1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights; and (2) an actual deprivation of those rights resulting from that agreement." *Ting v. U.S.*, 927 F.2d 1504, 1512 (9th Cir. 1991) (*Bivens*); *Dooley v. Reiss*, 736 F.2d 1392 (9th Cir. 1984) (§ 1983).

Plaintiff's current claim against Barker does not state a cause of action under either § 1983 or *Bivens*.   Either claim requires that he be deprived of a federal right.   The deprivation of Plaintiff's personal property under the Fifth Amendment is not an act of constitutional dimension.   The United States Supreme Court has consistently held that the negligent or intentional deprivation of property without due process is not a cause of action protected by the Constitution, so long as there is a state remedy (as there is in Idaho). *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981);[1] *Albright v. Oliver*, 510 U.S. 266 (1994).

---

[1]*Parratt* was overruled on other grounds by *Daniels v. Williams,* 474 U.S. 327 (1986).

**MEMORANDUM ORDER  4**

Accordingly, Plaintiff's current Complaint has failed to state a Fifth Amendment claim against Barker.

Plaintiff alleges that his Complaint should be liberally construed to include a claim that Barker conspired with federal agents to cover up a deprivation of his Fourth Amendment rights. A Fourth Amendment claim for the intentional deprivation of personal property appears viable under the current status of the law. In applying the *Parratt* bar to substantive due process claims in *Albright*, the Court "express[ed] no view as to whether petitioner's claim would succeed under the Fourth Amendment. . . ." *Albright,* 510 U.S. at 275. The concurring opinion in *Albright* notes that the boundaries of *Parratt* remain murky because the United States Supreme Court has failed to further define whether *all* constitutional claims for deprivation of property are barred by the *Parratt* doctrine, or only due process claims. *Albright*, 510 U.S. at 281 (Kennedy, J. concurring). Prior to *Albright*, the Ninth Circuit determined that a Fourth Amendment claim is not barred by the *Parratt* doctrine. *Sanders v. Kennedy*, 794 F.2d 478 (9th Cir. 1986). No case from the United States Supreme Court or the Ninth Circuit has foreclosed a Fourth Amendment claim after *Sanders*. Based upon all of the foregoing, this Court concludes that a Fourth Amendment claim for intentional deprivation of property remains cognizable under § 1983 or *Bivens*, and Plaintiff could amend his Complaint to allege such a cause of action against Barker.

In seeking dismissal, Barker also argues that Plaintiff's allegations of conspiracy are conclusory. Private individuals can be sued under § 1983 if they conspired with state actors to violate the plaintiff's civil rights. *See Melara v. Kennedy*, 541 F.2d 802, 804-05 (9th Cir.

**MEMORANDUM ORDER  5**

1976).  To prove a conspiracy between state actors and a private party under § 1983, the plaintiff must bring forward evidence showing "an agreement or 'meeting of the minds' to violate constitutional rights." *Fonda v. Gray*, 707 F.2d 435, 438 (1983) (citation omitted). "The mere acquiescence of [defendants] to an investigation request" of a governmental agency is "insufficient to prove a conspiracy." *Id*. at 438.  Rather, the plaintiff must show that each participant "shares the general conspiratorial objective." *Id*.

Plaintiff alleges that Defendant Barker conspired with federal agents to destroy photographs showing evidence that officers stole Plaintiff's personal property.   Plaintiff attempted to show that government agents stole his property in his prior criminal case, but was unable to provide sufficient evidence supporting his allegations.  It is unclear what additional evidence Plaintiff intends to bring in this civil action to show that government agents stole his personal property and that Barker conspired with them to hide the facts.

Whether Plaintiff can bring forward facts showing a "meeting of the minds" between federal agents and Barker is a question to be answered in the context of a motion for summary judgment, not a motion to dismiss.  The Court will construe Plaintiff's current Complaint as alleging a Fourth Amendment conspiracy theory against Barker.  The Court

**MEMORANDUM ORDER  6**

will not at this time require formal amendment, but will first determine whether Plaintiff can

bring forward sufficient evidence to withstand summary judgment.

**B.      State Actor**

Defendant Barker also argues that Plaintiff has failed to show that Barker is a state

actor.  By definition a § 1983 claim requires that the defendant be "acting under color of state

law."  The plaintiff bears the burden of showing that a private person is a state actor for the

purposes of § 1983.  *See Richard v. McKnight*, 521 U.S. 399 (1997) (declining to resolve the

issue of whether an employee of a private corporation operating a prison under a state

contract was a state actor for purposes of §1983).  Court-appointed defense attorneys are not

generally acting under color of state law.  *See Polk County v. Dodson*, 454 U.S. 312, 320-25

(1981).  Attorney Barker was appointed counsel at public expense.  Plaintiff has failed to

allege or bring forward any facts showing that Barker is a state actor.  *See U.S. v. Mertens*,

CR03-73-N-EJL, at Docket Nos. 49, 50, and 55.  Therefore, any § 1983 claim that does *not*

arise from a conspiracy with state actors fails.

As explained above, private individuals can also be sued under § 1983 if they conspire

with state actors to violate the plaintiff's civil rights.  *See Melara v. Kennedy*, 541 F.2d 802,

804-05 (9th Cir. 1976) (setting forth relevant factors for district courts to consider when

determining whether private individuals are acting under color of state law).  Similarly, a

*Bivens* cause of action may be asserted against a private person who "is a willful participant

in joint action with the [federal government] or its agents."  *See Schowengerdt v. General

Dynamics Corp.*, 823 F.2d 1328, 1338 n.17 (9th Cir. 1987).  Plaintiff's facts sufficiently

**MEMORANDUM ORDER  7**

allege that Barker conspired with federal agents.  Again, whether Plaintiff can bring forward evidence to support these alleged facts is a question for summary judgment.

## C.      Civil Conspiracy

Defendant Barker also correctly argues that there is no tort of civil conspiracy in Idaho.  *See McPheters v. Maile*, 64 P.3d 317, 321 (Idaho 2003); *Dahlquist v. Mattson*, 233 P. 883, 885 (Idaho 1925) ("A civil conspiracy itself is not a tort, and, until some act is done by the conspirators, there arises no cause of action, and when an act is done which amounts to an actionable tort, then that is the gist of the action.").  Plaintiff has alleged no state law cause of action against Barker in his Complaint.  To the extent that Plaintiff's Complaint can be construed to include a "civil conspiracy" state law claim against Barker, the Complaint fails to state a claim upon which relief can be granted.

## D.      Summary

At this time, the Court will grant Barker's Motion to Dismiss in part on the Fifth Amendment claim, on any non-conspiracy federal civil rights claim on the basis that Barker is not a state actor, and on any civil conspiracy state law claim.  However, as the Court noted above, a complete dismissal is not warranted because at least one other viable theory remains.  The Court will allow Plaintiff to proceed to summary judgment on his Fourth Amendment conspiracy theory.

**MEMORANDUM ORDER  8**

**III.**

**ISP DEFENDANTS' MOTION TO DISMISS**

The Court will now address the ISP Defendants' Motion to Dismiss.

**A.      Unknown Defendants**

Defendants first state that there were no ISP employees named John Lind or Sean

Lund during the relevant time period.  Plaintiff asserts that he can determine their true

identities during discovery.  Accordingly, Plaintiff shall have sixty (60) days to provide the

correct names of these defendants or claims against them shall be dismissed.

**B.      Claims Against Remaining ISP Defendants**

1.      Intentional Deprivation of Personal Property under the Fourth Amendment

As explained above, Plaintiff has stated a cognizable § 1983 claim that the ISP

Defendants deprived him of his personal property under a Fourth Amendment theory.  *See*

*Albright*, 510 U.S. at 275; *Sanders v. Kennedy*, 794 F.2d at 481-82.

Defendants assert that Plaintiff's claims against them should be dismissed because

Plaintiff has failed to identify who, in particular, allegedly stole or destroyed his personal

property at the time of the execution of the search warrant.  This is not a proper basis for

dismissal under the circumstances.   In *Mendocino Environmental Center v. Mendocino*

*County*, 14 F.3d 457 (9th Cir. 1994), the court held that failure of the Complaint to

specifically allege which of the four named FBI officials actually supplied the information

that led to the incorrect warrant affidavit was not a basis for granting a motion to dismiss,

where such information was particularly within the knowledge of the FBI defendants and

**MEMORANDUM ORDER  9**

could be obtained in discovery. *Id*. at 463. In this case, Defendants, not Plaintiff, know

which agents participated in each search. Defendants may reassert their defenses in a motion

for summary judgment after Plaintiff has had adequate time for discovery, at which time

Plaintiff will have to bring forward admissible evidence to support his allegations.

## C.    Res Judicata Defense

Defendants asserts that res judicata prevents Plaintiff from bringing his Fourth

Amendment claims in a civil rights action, because Plaintiff's allegations were rejected in

his criminal case, *U.S. v. Mertens*, CR03-73-N-EJL, Docket Nos. 243 & 356. The elements

of res judicata are (1) a final judgment on the merits, (2) privity between parties, and (3) an

identity of claims. *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1052 (9th Cir.

2005).

In Plaintiff's prior criminal case, the same evidence was presented, but for a different

purpose. Plaintiff asserted that the government agents' bad acts required suppression of

evidence and dismissal of the criminal complaint because the bad acts amounted to

outrageous government conduct. In its Order at Docket No. 243, the Court indicated that

Plaintiff had not provided enough factual information to support dismissal. The Court also

noted:

> While the allegations raised by the motion, if true, may be considered
> improper, the evidence provided by the Defendant is inconclusive and has
> been rebutted by the Government. Additionally, many of the allegations raised

**MEMORANDUM ORDER  10**

in the motion *relate to collateral matters not relevant to this prosecution and more properly addressed in other contexts.*

*Order*, at p. 4 (Docket No. 243) (emphasis added).

Similarly, in Docket No. 356, on a motion to suppress, the Court stated:

The Court finds it is possible that the attache case would fall within the scope of the search warrant in this case if such case had receipts, records, etc. However, the Government denies this item was seized. To decide this question the Court must simply rely upon the credibility of the witnesses and evidence offered. The Defendant has failed to provide reliable evidence the case was in the basement on the date the search was executed or was in fact seized by law enforcement. This item has been the source of much debate in this case and has given rise to several of the Defendant's motions. These motions and arguments, however, are *related to a collateral matter and if the Defendant is able to prove a "cover up " by the Government that issue is more properly left for a different proceeding.*

*Order*, at p. 9 (Docket No. 356) (emphasis added).

The Court rejects Defendants' res judicata defense for several reasons. In the criminal case, the Court determined that the issues were not relevant to the criminal case, but were collateral and should be addressed in a different proceeding. Therefore, there was no final determination on the merits. Nothing in the criminal orders extinguishes Plaintiff's claims as civil rights claims; rather, Plaintiff's factual allegations were determined to be irrelevant or insufficient to support dismissal of the criminal complaint or suppression of evidence.

On the other hand, it may be possible for Defendants to invoke the narrower doctrine of issue preclusion as to some issues, but that argument has not been briefed nor have the transcripts of the evidentiary hearings in the criminal trial been produced to support such an

**MEMORANDUM ORDER  11**

argument.[2]  Therefore, the Court will not address issue preclusion here; Defendants may raise

it on summary judgment if they desire.

**D.      Idaho Tort Claims Act Defense**

Defendants assert that Plaintiff's claims are barred by the Idaho Tort Claims Act (I.C.

§§ 6-901 through 6-929).   Plaintiff's federal constitutional claims are not subject to the

requirements of the Idaho Tort Claims Act.[3]   However, to the extent that Plaintiff's claims

can be construed as state tort law claims under the Court's supplemental jurisdiction

authority, the claims against the ISP Defendants are barred for failure to give timely notice

to the State.

Claims subject to the ITCA include "any written demand to recover money damages

from a governmental entity or its employee which any person is legally entitled to recover

under this act as compensation for the negligent or otherwise wrongful act or omission of a

governmental entity or its employee when acting within the course or scope of his

employment."  I.C. § 6-902(7).  A claimant has a time period of "one hundred eighty (180)

---

[2]To invoke "nonmutual offensive issue preclusion," a party must show: "(1) [the other party] was afforded a full and fair opportunity to litigate the issues in the prior actions; (2) the issues were actually litigated and necessary to support the judgments; (3) the issues were decided against [the other party] in final judgments; and (4) [the other party] was a party or in privity with a party in the prior proceedings.  *Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1114 (9th Cir. 1999).  However, issue preclusion will not be applied where the determination of an issue was "merely incidental to the judgment in the prior action."  *Id*. at 1115.

[3]A state's notice-of-claim statute which provides that no action may be brought or maintained against a state government subdivision unless claimant provides written notice within a certain period of time is preempted when a federal civil rights action is brought in state court. *See Felder v. Casey*, 487 U.S. 131 (1988); *Ellis v. City of San Diego*, 176 F.3d 1183, 1191 (9th Cir. 1999); *Sweitzer v. Dean*, 798 P.2d 27, 31 (Idaho 1990).

**MEMORANDUM ORDER  12**

days from the date the claim arose or reasonably should have been discovered, whichever is later" in which to file a notice of claim regarding an act or omission of a state employee. I.C. § 6-905. The statutory scheme strictly provides that "[n]o claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act." I.C. § 6-908 "[C]ompliance with the notice of claim requirement is a mandatory condition precedent to bringing suit against a state or its employee." *Overman v. Klein*, 654 P.2d 888, 890 (Idaho 1982).

Defendants' claims accrued on April 9, and April 10, 2003. Plaintiff filed a Notice of Claim for the first time on April 14, 2005. Accordingly, Plaintiff's notice was untimely, and any state law claims are now barred. Defendants' Motion to Dismiss shall be granted on this defense as to any state claims.

**E.     Qualified Immunity Defense**

To the extent that Plaintiff asserts that Defendants intentionally stole his personal property during execution of a search warrant, a qualified immunity defense is not applicable. In the assessment of a qualified immunity defense, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [defendant] that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 194-95 (2001) (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999)). No reasonable officer would think that stealing personal property under the guise of a search warrant was lawful. Qualified immunity is not intended to protect "those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

**MEMORANDUM ORDER  13**

Plaintiff has *not* asserted that Defendants acted negligently or simply failed to safeguard the property, to which a qualified immunity defense might apply, should such a claim be actionable.[4] Defendants are not entitled to qualified immunity on the specific cause of action brought by Plaintiff.

**F.      Summary**

For the reasons set forth above, the Court will grant in part and deny in part the ISP Defendants' Motion to Dismiss.  Any state law claims against the ISP Defendants are dismissed.  Defendants are not entitled to qualified immunity on Plaintiff's claims.  Res judicata is not appropriate, although Defendants are free to argue issue preclusion, if applicable, and other remaining defenses on summary judgment.

**IV.**

**OTHER CLAIMS SUBJECT TO DISMISSAL**

The Court earlier required Plaintiff to bring forward evidence showing that he is the sole beneficiary of his mother's estate in order to proceed on claims on behalf of the estate. Plaintiff's evidence shows that he is not the sole beneficiary of the estate.  Therefore, Plaintiff cannot proceed on the claims regarding loss or destruction of his mother's personal property, and these claims are dismissed without prejudice.

---

[4]Negligence will not support a § 1983 claim.  *Daniels v. Williams*, 474 U.S. 327 (1986).

**MEMORANDUM ORDER  14**

The Court also required Plaintiff to provide service of process addresses for the federal Defendants no later than July 15, 2005 (Docket No. 15).  Plaintiff has failed to do so. As a result, his claims against them shall be dismissed without prejudice.

## V.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the ISP Defendants' Motion to Dismiss (Docket No. 16) is GRANTED in part as to all state law claims asserted against them; it is DENIED without prejudice as to Plaintiff's other claims.

IT IS FURTHER HEREBY ORDERED that Defendant Barker's Motion to Dismiss (Docket No. 26) is GRANTED as to the Fifth Amendment claim, any non-conspiracy federal civil rights claim on the basis that Barker is not a state actor, and any civil conspiracy state law claim, and DENIED without prejudice as to the Fourth Amendment conspiracy claim.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Extension of Time to Respond to Motion to Dismiss (Docket No. 30) is GRANTED.  Plaintiff's Responses have been considered.

IT IS FURTHER HEREBY ORDERED that claims against John Lind or Sean Lund shall be dismissed unless Plaintiff provides their correct names within sixty (60) days after entry of this Order.

IT IS FURTHER HEREBY ORDERED that claims regarding loss or destruction of Plaintiff's mother's personal property are dismissed without prejudice.

IT IS FURTHER HEREBY ORDERED that Plaintiff's claims against the following

**MEMORANDUM ORDER  15**

Defendants are dismissed without prejudice: Mike Norcut, Dale Watson, Todd Smith, Douglas Nelson, Darrell Bone, William Ramsey, Lynda Moody, Steve Hines, Melissa Ripley, Dale Guess, Cathy Smith, Dave Benscotter, Miel Snowball, Larry Bateman, Greg Gleason, Don Jensen, and Dan Dickson.

IT IS FURTHER HEREBY ORDERED that the following pre-trial schedule shall govern this case:

1.   **Disclosure of Relevant Documents:** On or before **February 17, 2006**, the parties shall provide each other with a copy of relevant documents in their possession, in a redacted form if necessary for security or privilege purposes; and, if necessary, they shall provide a security/privilege log sufficiently describing any undisclosed relevant documents which are alleged to be subject to nondisclosure.  Any party may request that the Court conduct an in camera review of withheld documents or information.

2.   **Completion of Discovery and Requests for Subpoenas:**  All discovery shall be completed on or before **May 31, 2006.**  Discovery requests must be made far enough in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery cut-off date.  The Court is not involved in discovery unless the parties are unable to work out their differences as to the discovery themselves.  In addition, all requests for subpoenas duces tecum (production of documents by nonparties) must be made by **April 28, 2006.**  No requests for subpoenas duces tecum will be entertained

**MEMORANDUM ORDER  16**

after that date.

3.    **<u>Depositions</u>**:   Depositions, if any, shall be completed on or before **May 31, 2006.** If Defendants wish to take the deposition of Plaintiff or other witnesses who are incarcerated, leave to do so is hereby granted.  Any such depositions shall be preceded by ten (10) days' written notice to all parties and deponents. The parties and counsel shall be professional and courteous to one another during the depositions.  The court reporter, who is not a representative of Defendants, will be present to record all of the words spoken by Plaintiff (or other deponent), counsel, and any other persons at the deposition.  If Plaintiff (or another deponent) wishes to ensure that the court reporter did not make mistakes in transcribing the deposition into a written form, then he can request the opportunity to read and sign the deposition, noting any discrepancies between what is transcribed and what he believes he said.  If Plaintiff wishes to take depositions, he must file a motion requesting permission to do so, specifically showing his ability to comply with the applicable Federal Rules of Civil Procedure by providing the names of the proposed persons to be deposed,

**MEMORANDUM ORDER  17**

the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of the cost.

4.     **Dispositive Motions:**    All motions for summary judgment and other potentially dispositive motions shall be filed with accompanying briefs on or before **July 31, 2006.**  Responsive briefs to such motions shall be filed within thirty (30) days after service of motions.  Reply briefs, if any, shall be filed within fourteen (14) days after service of responses.  All motions, responses, and replies shall conform to Rule 7.1 of the Local Rules for the District of Idaho.  **Neither party shall file supplemental responses, replies, affidavits, or other filings not authorized by the Local Rules without prior leave of Court.  No motion or memorandum, typed or handwritten, shall exceed 20 pages in length.**

DATED:  **January 23, 2006**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER  18**