IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROBERT LEON MERTENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV05-147-N-EJL |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| GUY SHENSKY, Idaho State Police, | ) | |
| in his individual capacity, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court are the Idaho State Police (ISP) Defendants' Renewed Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Docket No. 57) and Defendant Ray Barker's Motion for Summary Judgment (Docket No. 61). Having reviewed the Motions and Responses, as well as the record in this case, the Court concludes that oral argument is unnecessary. Accordingly, the Court enters the following Order.

## BACKGROUND

Plaintiff asserts that, on April 9, and 10, 2003, at the time of his arrest and the execution of a federal search warrant and asset forfeiture covering his home and business, law enforcement officers from various jurisdictions stole or destroyed various items

**MEMORANDUM ORDER  1**

belonging to him or his mother.  Plaintiff was found guilty of numerous drug distribution and related crimes after jury trial before this Court.  *See U.S. v. Mertens*, CR03-73-N-EJL.  As a result of his convictions, Plaintiff's property seized by officers was subject to forfeiture. A number of individuals came forward in the criminal case to assert ownership claims in the seized property, including the estate of Plaintiff's mother, Marcella Mertens.

Earlier in this case, the Court dismissed the state claims against the ISP Defendants, claims brought on behalf of the estate of Marcella Mertens, and all claims against Ray Barker other than the claim that he conspired with state actors to violate Plaintiff's civil rights. Now, the Idaho State Police (ISP) Defendants assert entitlement to dismissal or denial of the claims asserted against them.  In addition, Ray Barker, asserts entitlement to summary judgment on the remaining claim against him.

## ISP DEFENDANTS' MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT

### A.    Standard of Law

Defendants have alternatively asserted entitlement to dismissal of Plaintiff's claims under Rule 12(b)(6) or Rule 56.  Plaintiff has been provided with the Notice to Pro Se Litigants of the Summary Judgment Rule Requirements (Docket No. 58), and he has responded to the Motion with an affidavit and exhibits.  Therefore, the Court elects to treat the Motion under Rule 56.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

**MEMORANDUM ORDER  2**

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

In a motion for summary judgment, the moving party bears the "initial burden of identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact."  *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)).  If the moving party points to portions of the record demonstrating that there appears to be no genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party.  To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56; *see T.W. Electric Serv*., 809 F.2d at 630 (internal citation omitted).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party.  All inferences that can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party.  *T.W. Elec. Serv*., 809 F.2d at 630-31 (internal citation omitted).

Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  The existence of a scintilla of evidence in support of the non-moving party's position

**MEMORANDUM ORDER  3**

is insufficient.  Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby*, 477 U.S. at 252.

**B.    Discussion**

In his Second Amended Complaint, Plaintiff asserts the following claims against the ISP Defendants: (1) a claim on behalf of Marcella Mertens' estate, based on the fact that her will names him personal representative and executor of her estate; (2) a claim that officers stole a box of coins from Plaintiff; (3) a claim that officers stole or destroyed a consignment sheet that showed existence of the box of coins; and (4) a claim that officers stole 36 ounces of gold bullion, of which 26 had been purchased by other individuals.

1.    Claims against John Lind and Sean Lund

The Court previously ordered Plaintiff to provide the true names of fictitious defendants John Lind and Sean Lund no later than March 24, 2006, in order to proceed with claims against them.  *See Order of January 23, 2006* (Docket No. 38).  Plaintiff has failed to do so.  Therefore, all claims against these individuals are dismissed without prejudice for lack of service.

2.    Claims brought on behalf of the Estate of Marcella Mertens

Defendants have produced two documents showing that Plaintiff is not the personal representative of the Estate of Marcella Mertens: a Renunciation of that position, and an Order appointing Patricia Scutier the personal representative of that estate.  *See Affidavit of Barbara Beehner-Kane*, Exhibits A & B (Docket No. 57-3).  As a result, the Court agrees with Defendants that Plaintiff has no standing to assert a claim on behalf of the estate.

**MEMORANDUM ORDER  4**

Further, because he is not a licensed attorney, Plaintiff could pursue such a claim only if he were the sole beneficiary of the estate, which he is not. *See Davenport v. Lee*, 72 S.W.3d 85 (Ark. 2002) ("a person who is not a licensed attorney and who is acting as an administrator, executor or guardian cannot practice law in matters relating to his trusteeship on the theory that he is practicing for himself"). Therefore, this claim is subject to dismissal without prejudice.

   3. <u>Claims Related to Plaintiff's Interest in Forfeited Property</u>

 An order has been entered by this Court in Plaintiff's criminal case whereby he has forfeited all of his rights in his personal property in favor of the United States, including that listed in this civil rights action. *See Order of December 13, 2004* (Docket No. 406) and *Special Verdict Form Forfeiture (Listing of Business and Personal Property)* (Docket No. 383) in *U.S. v. Mertens*, CR03-73-N-EJL. Defendants argue that, therefore, Plaintiff has no standing to sue for return of stolen forfeited property. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (standing to sue requires that a person has a legally protected interest in the subject matter of the suit). The Court agrees.

 Title 21 U.S.C. § 853(a) provides for forfeiture of a convicted person's property when such property was used to facilitate commission of the crime or was derived from the proceeds of the crime. Section 853(c) specifies that "[a]ll right, title, and interest in property described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section." Accordingly, title to the allegedly missing items vested in the United States when Plaintiff committed his crimes. Therefore, it is the

**MEMORANDUM ORDER  5**

United States, not Plaintiff, that has standing to recover the missing items or the value thereof if they were stolen by the government agents. *Cf. Descent v. Kolitsidas*, 396 F.Supp. 2d 1315 (D. Fla. 2005) (conspirator could not bring RICO claim against co-conspirators for lack of standing because he lost all interest in the property at the time the crime was committed).

    4.    <u>Claims Related to Third-Party Interests in the Seized Property</u>

Similarly, the Court rejects Plaintiff's contention that he has an interest in items that were seized or stolen that allegedly belonged to other individuals. If Plaintiff ever had an interest in these items, even in a bailor-bailee relationship, he lost his interest upon commission of the crime, and the third parties must seek their items or the value thereof from the United States. *See* 21 U.S.C. § 853(c). Several individuals and businesses have filed third party claims with the United States for return of the items, and Plaintiff has no standing to assert their rights in this action. *See, e.g., Notices of Verified Claims* (Docket Nos. 420, 424, 426, 437)*, Amended Third Party Claims* (Docket No. 461), and *Stipulation for Settlement of Claims of Third Party Petitioners* (Docket No. 457) in *U.S. v. Mertens*, CR03-73-N-EJL.

    5.    <u>Conclusion</u>

Based on the foregoing, the ISP Defendants are entitled to summary judgment as a matter of law. Plaintiff's claims shall be dismissed. Dismissal of these claims is not intended to foreclose any action the United States may wish to bring against any persons for missing forfeited property from the search of Plaintiff's homes or business.

**MEMORANDUM ORDER  6**

## DEFENDANT RAY BARKER'S
## MOTION FOR SUMMARY JUDGMENT

**A.     Introduction**

Ray Barker is Plaintiff's former criminal defense attorney, appointed by the Court in *U.S. v. Mertens*, CR03-73-N-EJL.  Plaintiff alleges that Barker destroyed financial records, receipts, photographs, and documents central to Plaintiff's defense.  He alleges that Barker conspired with law enforcement officers to cover up the theft of the coins and the false drug charges, and that the theft and the loss of the records had a negative effect on his ability to conduct his defense during his criminal trial and prove misconduct and perjury.

**B.     Discussion**

      1.    <u>Lack of Standing</u>

Like the ISP Defendants, Barker also argues that Plaintiff has no standing to assert a claim arising from the forfeited property.  That is true regarding the allegedly stolen coins; it is not necessarily true of those items that have no value and would not have been subject to the forfeiture order, including documentary evidence Plaintiff allegedly wished to use in his defense and documents related to his brother's death.  Therefore, the Court addresses Plaintiff's conspiracy claim in relation to these latter items, only.

      2.    <u>Conspiracy Claim</u>

The Court previously determined that Barker was not a state actor, and, therefore, Plaintiff could proceed only on his claims that Barker conspired with state or federal actors to commit the civil rights violations alleged.  Private individuals can be sued under § 1983

**MEMORANDUM ORDER  7**

if they conspired with state actors to violate the plaintiff's civil rights.  *See Melara v. Kennedy*, 541 F.2d 802, 804-05 (9th Cir. 1976).

To prove a conspiracy between state actors and a private party under § 1983, the plaintiff must bring forward evidence showing "an agreement or 'meeting of the minds' to violate constitutional rights." *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983) (citation omitted).  "The mere acquiescence of [defendants] to an investigation request" of a governmental agency is "insufficient to prove a conspiracy." *Id*. at 438.  Rather, the plaintiff must show that each participant "shares the general conspiratorial objective." *Id*.  Summary judgment is appropriate on conspiracy claims where "there is actually little disagreement over the facts; [but] what is disputed is the legal effect of those facts." *Id*.

Here, Plaintiff alleges that Defendant Barker conspired with federal agents to destroy photographs, receipts, and documents showing evidence that officers stole Plaintiff's personal property and planted drugs on his business premises.  In his Motion for Summary Judgment, Barker now argues that Plaintiff has failed to come forward with any evidence showing a conspiracy.  While Plaintiff has woven an elaborate theory that government agents killed his brother, stole evidence that his brother had been killed, maliciously planted illegal drugs on him in 1994, and then again at his business in 2003, stole a large amount of his business inventory, and destroyed documents and receipts to cover up their crimes, he provides no evidence that Barker, his criminal defense attorney, was involved in the alleged conspiracy.

**MEMORANDUM ORDER  8**

Barker's point is well taken that Plaintiff has failed to identify any objective of the widespread conspiracy against him. For example, Plaintiff has identified no motive that Barker, his defense counsel in his 2003 criminal case, might have in trying to help government agents cover up false drug distribution charges. Plaintiff has failed to show that Barker shared in a "general conspiratorial objective," or even that a general conspiratorial objective existed. *See Fonda*, 707 F.2d at 438. As in *Fonda*, "there [is] no showing here that [defendant] "deliberately" participated with the government with the purpose of violating [plaintiff's] civil rights, or that [he] knew of the alleged objective." *Id*.

Plaintiff alleges that Ray Barker conspired with government agents to destroy photographs that showed illegal drugs that had been planted at his business. Plaintiff alleges that Barker reviewed with Plaintiff photographs of the search and seizure of his business that Barker had received as part of the discovery from the Prosecutor's Office. When Barker came back to the jail a second time with the photographs, Plaintiff alleges that four photos were missing and the photo log had been changed.

The Court agrees with Barker's analysis of Plaintiff's evidence:

Plaintiff . . . attempts to provide a lengthy explanation concerning the alleged missing photographs, but again without explaining the purpose or objective of the destruction of photographs or any conspiracy regarding their destruction. Plaintiff first contends that labels on the photographs were altered because they were initially printed and later handwritten. He then explains the four allegedly missing photographs. "Photograph No. 1" is supposedly similar to photograph Exhibit "K" which shows "planted cocaine evidence." Plaintiff contends that U.S. Attorney, Nancy Cook, stated that no cocaine was found in his business. Therefore, Plaintiff concludes that the cocaine was planted. The rationale for planting cocaine, but then admitting no cocaine was found, and then destroying one photograph of the planted cocaine, but not destroying

**MEMORANDUM ORDER  9**

another photograph of the planted cocaine is completely lacking. Any rationale for Mr. Barker conspiring to destroy the one photograph is also missing.

*Barker Reply,* pp. 3-4 (Docket No. 74).

Barker further points out that Plaintiff's theory regarding "malicious" destruction of photographs does not serve as evidence of a conspiracy in light of the fact that the photographs merely duplicated evidence located elsewhere in the record:

> [P]hotograph No. 2 purported to show an invoice, but according to Plaintiff, ISP evidence photographs Exhibits "U" and "V" reveal the missing consignment receipts. Again, Plaintiff fails to provide any evidence of a conspiratorial objective for destroying one photograph, but not destroying two other evidence photographs.
>
> Allegedly-destroyed photograph No. 3 was of purchase receipts, but Plaintiff refers the court to Exhibit "M," which [shows] duplicates of the receipts that he seems to contend were in the missing photograph. Defendant fails to grasp any relevance of a photograph of receipts when photocopies of the receipts are available.

*Barker Reply,* p. 4 (Docket No. 74). Again, no discernable objective of a conspiracy is evident from these speculative allegations.

Plaintiff further alleges that Ray Barker conspired with his private investigator, C.A. Schoonover, to remove copies of Plaintiff's business documents received from the Prosecutor's Office. Plaintiff alleges that the business documents showed that the government's informant, Don Stovall, had stolen inventory from his business. Plaintiff alleges that Schoonover threatened Plaintiff when he accused Schoonover of destroying or removing the copies, and Plaintiff alleges that Barker would not take any legal action against Schoonover. Plaintiff also alleges that Schoonover took records from Plaintiff's house that

**MEMORANDUM ORDER  10**

showed his assets were from legitimate sources rather than drug proceeds, and that Barker and Schoonover would not allow him to copy and review these records.  Plaintiff alleges that Schoonover admitted to destroying missing receipts and records with Barker.

Plaintiff further alleges that Barker and Schoonover conspired with government agents to alter evidence.  He offers Exhibit "O" (Docket No. 73-4, p. 11), which is Mr. Stovall's written statement with the names of apparent informants and witnesses blacked out.  Plaintiff has offered no proof that Barker altered this document.  Rather, it appears to have been a properly redacted document, the purpose of which is to protect the identify and privacy of other persons mentioned in the statement.

Plaintiff has not produced an affidavit or statement of any kind from Schoonover that would implicate Barker in a conspiracy with government officials.  To meet his burden of production, Plaintiff "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial."  *See T.W. Electric Serv*., 809 F.2d at 630. Plaintiff's allegations fail to meet the standards set by Rule 56 to rebut Defendant Barker's assertion to entitlement to summary judgment on this claim.

Plaintiff alleges that in 1994, law enforcement officers planted drugs on him and then prosecuted him.  The criminal case was dismissed as a result of the Idaho Tax Commission requiring Plaintiff to forfeit approximately $9,000 worth of silver and gold coins as a civil penalty.  It is undisputed that Ray Barker had nothing to do with the 1994 incident, nor did he have anything to do with the prosecution or defense of the case arising from that incident.

**MEMORANDUM ORDER  11**

However, Plaintiff alleges that Barker conspired in 2003 to help officers cover up the 1994 alleged wrongdoing.  As evidence of Barker's involvement in the alleged conspiracy, Plaintiff accuses Barker of falsely stating to the Court that he sent a subpoena to the Idaho State Tax Commission.  Barker, however, has produced a copy of the subpoena, proving that Plaintiff's allegation is groundless.  *See Second Affidavit of Ray Barker* (Docket No. 71-2).

Finally, the Court notes that Plaintiff's entire conspiracy theory that he is completely innocent of selling drugs and that the drugs were planted by government agents is at odds with the great weight of evidence presented at his criminal trial.[1]  Witness Frederick Palm testified that he delivered and sold drugs, including methamphetamine, cocaine, and marijuana, to Plaintiff on at least 40 occasions.  *Tr.*, pp. 713-716.  Margaret Wise testified that her boyfriend Chris Townsend purchased marijuana from Plaintiff out of Plaintiff's bus at the Sagle flea market.  *Trial Transcript* (*Tr.*), 803:22-25.  Wise also testified that she and her boyfriend bought cocaine from Plaintiff at his homes and coin shop multiple times, and that Plaintiff had asked them to write their checks out to "Northwest Coins."  *Tr.*, 805:4-17 & 812:2-9.  Other witnesses who testified that they purchased drugs from Plaintiff included Hal Colgrove (*Tr.*, p. 853), Chris Townsend (*Tr.*, p. 741), Sondra Bowman (*Tr.*, pp. 832-33), Robert Harden (*Tr.*, p. 872), Diana Horner (*Tr.*, p. 902), and David Evans (*Tr.* p. 926).  The Court notes that, at sentencing, Plaintiff accused his second appointed trial counsel, John

---

[1]  On appeal, the Ninth Circuit noted that the crimes he was accused of were not entirely fabricated by the police and that the alleged outrageous conduct of the police did not occur until after Plaintiff began his criminal enterprise.  *Judgment of United States Court of Appeals* in *U.S. v. Mertens*, CV03-73-N-EJL (Docket No. 459-2).

**MEMORANDUM ORDER  12**

Miller, of destroying or withholding evidence, as well.  *Sentencing Transcript*, p. 17.

The Court agrees with Defendant that Plaintiff's conspiracy theory is purely speculative regarding any involvement of Barker.  There has been no showing of a conspiratorial objective or a meeting of the minds between Barker and government agents. Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  Here, Plaintiff has brought forward insufficient evidence "on which the jury could reasonably find for [him]" regarding any conspiracy between Barker and government agents.  *Anderson v. Liberty Lobby*, 477 U.S. at 252.  As a result, Barker is entitled to summary judgment on Plaintiff's claim that he conspired with government agents to violate Plaintiff's civil rights.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

A.   The Idaho State Police (ISP) Defendants' Renewed Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Docket No. 57) is GRANTED.

**MEMORANDUM ORDER  13**

B.     Defendant Ray Barker's Motion for Summary Judgment (Docket No. 61) is

GRANTED.

DATED:  **September 19, 2007**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER  14**