IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT LEON MERTENS, ) | |
| ) | |
| Plaintiff, ) | Case No. CV05-147-N-EJL |
| ) | |
| vs. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| GUY SHENSKY, Idaho State Police, ) | |
| in his individual capacity, et al., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is the Motion to Dismiss filed by the United States (Docket No. 71) and Plaintiff's Motion to Amend (Docket No. 76). Having reviewed the Motions and Responses, as well as the record in this case, the Court concludes that oral argument is unnecessary. Accordingly, the Court enters the following Order.

## BACKGROUND

Plaintiff asserts that, on April 9, and 10, 2003, at the time of his arrest and the execution of a federal search warrant and asset forfeiture covering his home and business, law enforcement officers from various jurisdictions stole or destroyed various items belonging to him or his mother. Plaintiff was found guilty of numerous drug distribution

MEMORANDUM DECISION AND ORDER 1

and related crimes after jury trial before this Court.  *See U.S. v. Mertens*, CR03-73-N-EJL.  As a result of his convictions, Plaintiff's property seized by officers was subject to forfeiture.  A number of individuals came forward in the criminal case to assert ownership claims in the seized property, including the estate of Plaintiff's mother, Marcella Mertens.

Earlier in this case, the Court dismissed the state claims against the ISP Defendants, claims brought on behalf of the estate of Marcella Mertens, all claims against Ray Barker, and all claims against the Idaho State Police (ISP) Defendants.

Plaintiff originally sued individual federal agents in his Complaint.  In his Second Amended Complaint, he names the United States of America as the only federal defendant, with the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, as the basis for his claims.  The United States now asserts entitlement to dismissal of Plaintiff's claims.

## DEFENDANT USA'S MOTION TO DISMISS

A.     **Standard of Law**

A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)).  In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party.  *Id.* (quoting *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)).

MEMORANDUM DECISION AND ORDER 2

**B.     Discussion**

The United States argues that Plaintiff's claims are barred by the statute of limitations.  Under the FTCA, the United States is liable for damages caused by negligent or wrongful acts of its employees acting within the scope of their employment, according to state law negligence principles.  28 U.S.C. § 1346(b)(1).  The FTCA requires that a plaintiff exhaust his administrative remedies by filing a claim with the administrative agency that is allegedly responsible for the injury or damage; filing such a claim is a jurisdictional prerequisite to filing suit.  *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000); 28 U.S.C § 2401(b).  If the administrative claim is denied, the plaintiff has six months from the date of the mailing of the denial notice within which to file suit.

Plaintiff first filed his Complaint in federal court on April 15, 2005, naming, among other Defendants several federal government employees in their individual capacities.  *See Complaint* (Docket No. 2).  He did not name the United States as a defendant, nor did he cite the FTCA as the source of law for his claims.  This action was deemed to be a civil rights action under 42 U.S.C. § 1983 (state defendants) and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants).  *See Complaint* (Docket No. 2); *see Initial Review Order* (Docket No. 7).

While his lawsuit was pending, Plaintiff filed his administrative claim.  The letter denying Plaintiff's claim was mailed on December 1, 2005.  *See Exhibits to Motion to Amend Complaint*, p. 40 (Docket No. 49-2).  As a result, Plaintiff had until June 2, 2006,

MEMORANDUM DECISION AND ORDER 3

in which to file his complaint against the United States.

The United States argues that Plaintiff first requested leave to amend his Complaint to add the United States as a defendant on July 7, 2006 (Docket No. 49) (mailbox rule date July 1, 2006), one month too late, and did not list the United States as a defendant until the Second Amended Complaint in November 2006 (Docket No. 55), five months too late.

Courts have rejected a "relation back" theory to save such a claim when the United States was not named in the original complaint but in an amendment that came after the statute of limitations *and* where the United States did not receive actual notice of the complaint within the statute of limitations period. In *Allen v. Veterans Administration*, 749 F.2d 1386 (9th Cir. 1984), the plaintiff sued the Veterans Administration ("VA") under the FTCA and timely served the complaint. The attorney for the VA received the complaint on the last day of the six-month period, but notified the plaintiff that the VA was not a proper party and that the United States had to be served; the attorney for the VA forwarded a copy of the original complaint that named only the VA to counsel for the United States three days after the statute ran. The plaintiff did not formally serve the United States with a complaint naming the United States as a defendant until after the statute of limitations period had run. Under the circumstances, the Ninth Circuit affirmed the federal district court's ruling that the plaintiff had not satisfied the requirements of Federal Rule of Civil Procedure 15(c) for relation back because "actual knowledge possessed by an agency [is] not imputed to the United States," and because the United

MEMORANDUM DECISION AND ORDER 4

States' attorneys did not receive informal notice of the complaint until three days after the statute ran. *Allen*, 749 F.2d at 1389-90.[1]

Similarly, in *Williams v. United States*, 711 F.2d 893 (9th Cir. 1983), the Court observed:

> A party being brought in by amendment under Fed.R.Civ.P. 15(c) must have received notice of the institution of suit "within the period provided by law for commencing the action against him." Notice of suit need not be formal. *See* Fed.R.Civ.P. 15(c) Advisory Comm. Notes.

711 F.2d at 898.

Plaintiff argues that he first attempted to file an amended complaint in early May 2006, but the Clerk of Court returned it to him because it was not accompanied by a

---

[1] Federal Rule of Civil Procedure 15(c), entitled "Relation Back of Amendments," provides:
(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
   (A) the law that provides the applicable statute of limitations allows relation back;
   (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
   (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>      (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>      (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
(2) Notice to the United States. When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

MEMORANDUM DECISION AND ORDER 5

motion to amend.  Plaintiff alleges that he resubmitted the amended complaint on May 30, *2007* (the most logical interpretation of this argument is that he meant to say that he resubmitted it in May *2006*).  Plaintiff argues that he should be afforded equitable tolling because of his effort to submit the amended complaint in May 2006.  The true issue is not one of equitable tolling, but the issue of whether the United States received informal notice of a complaint containing FTCA claims prior to June 2, 2006, such that the relation-back principle of Rule 15(c) would apply.

Plaintiff's Motion to Amend is dated July 1, 2006.  *Motion to Amend*, p. 2 (Docket No. 49).  The Amended Complaint attached to the Motion is dated May 30, 2006 (Docket No. 49-2, p. 21).  The Amended Complaint does *not* contain a claim against the United States but it does attempt to bring an FTCA action against individual federal employees, similar to the factual pattern in *Allen v. Veterans Administration*.  The letter rejecting Plaintiff's administrative claim is attached as an exhibit to the May 30, 2006 Amended Complaint.  *See Matlock v. U.S.*, 2007 WL 2778409, at *4 (D. Or. 2007) (denial of administrative claim letter attached to a complaint failing to name the U.S. as a defendant puts the U.S. on notice of FTCA action).

The documents Plaintiff did file with the Court do not support his contention that he mailed an amended complaint to the Clerk of Court in early May 2006.  It is unclear why the Amended Complaint that was submitted in July 2006 was dated in *late* May 2006 (May 30th), and why a pleading submitted and rejected in early May 2006 was not immediately remedied and mailed back to the Clerk of Court, but instead was dated in

MEMORANDUM DECISION AND ORDER 6

late May 2006 and not mailed to the Clerk of Court until July 2006. There is also no evidence in the record showing that Plaintiff mailed a motion to amend to the Clerk of Court in late May 2006. Most importantly, Plaintiff has not shown that he mailed a copy of any amended complaint to the United States Attorney in May 2006.

Therefore, it appears that the earliest date that the United States Attorney General would have received informal notice of Plaintiff's intention to file an FTCA action by filing a motion requesting leave to file an FTCA action (notwithstanding the fact that the motion was accompanied by a proposed amended complaint that did not contain a claim against the United States) would have been July 1, 2006, the date Plaintiff mailed his motion to amend to the "Office of the United States Attorney," as shown on the mailing certificate of his motion (Docket No. 49, p. 3). The United States Attorney does not contend that it did not receive this informal notice of an FTCA suit; this notice is akin to the notice the attorney for the United States received in *Allen v. Veterans Affairs* -- it constituted informal notice, but it was received too late, outside the six-month statute of limitations period.

On October 12, 2006, the Court denied Plaintiff's Motion to Amend without prejudice and notified Plaintiff that the proper defendant in an FTCA action was the United States, and that he could not proceed under the FTCA against the individual defendants named in his First Amendment Complaint (Docket No. 53). The Court allowed Plaintiff to submit a second amended complaint.

MEMORANDUM DECISION AND ORDER 7

On November 17, 2006, Plaintiff submitted a Second Amended Complaint that named the United States as a defendant (Docket No. 55).  It was dated November 7, 2006.  On January 10, 2007, Attorney Joanne P. Rodriguez filed a notice of appearance on behalf of the United States (Docket No. 59).

**C.     Conclusion**

Dismissal of Plaintiff's claims against the United States appears warranted for failure to meet the statute of limitations.  As a result, the Court does not reach Defendant's alternative arguments for dismissal.  The Court gives notice to Plaintiff that it shall construe the pending United States' Motion to Dismiss as a Motion for Summary Judgment under Rule 56 and conditionally grant it on the ground that Defendant United States did not receive formal or informal notice of an FTCA complaint until July 1, 2006, one month after the six-month statute of limitations expired.  Plaintiff shall be provided with a time period of thirty days from the date of entry of this Order in which to submit evidence, such as prison mailing logs, showing that he mailed an FTCA amended complaint to the Clerk of Court in "early May 2006" and that he mailed copies of that complaint to the United States Attorney at that time.

**PLAINTIFF'S NEW MOTION TO AMEND COMPLAINT**

On August 7, 2007, Plaintiff submitted another Motion for Leave to Amend Civil Rights Complaint (Docket No. 76). In this Motion, Plaintiff writes: "Irrespective of this Court's determination as to whether or not the instant amendments relate back and are subject to Federal Rule of Civil Procedure 15(c), other provisions of Rule 15 dictate that

MEMORANDUM DECISION AND ORDER 8

courts should permit an amendment [if] justice so requires." (Docket No. 76, p. 2). Plaintiff did not submit a proposed amended complaint. Plaintiff's Motion is dated May 30, 2006, although clearly it was not submitted to the Clerk of Court until August 2007.

Plaintiff's purpose in submitting the earlier-dated Motion is unclear. If he intends to submit it as evidentiary exhibit rather than a new motion, the most the exhibit shows is that he prepared it on May 30, 2006; he has not provided anything to show that he actually submitted it to the Clerk of Court or mailed it to the United States Attorney. Rather, his docketed submission shows a date of July 7, with a mailbox rule date of July 1, 2006. In addition, even though the Motion is dated May 30, 2006, it appears to be intended to rebut the argument for dismissal made in the United States's Motion to Dismiss, which was not filed until June 28, 2007. Because the Motion is docketed as a motion rather than an exhibit in support of his Response to the Motion to Dismiss, the Court will construe Plaintiff's Motion as additional argument in support of his previously-submitted amended complaint and find it moot.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant United States' Motion to Dismiss (Docket No. 71), construed as a Motion for Summary Judgment, is CONDITIONALLY GRANTED. Plaintiff shall have thirty days from the date of entry of this Order in which to submit evidence showing that he mailed an FTCA complaint to the

MEMORANDUM DECISION AND ORDER 9

Clerk of Court in "early May 2006" and that he mailed copies of that complaint to the United States Attorney at that time.

    IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Amend Complaint (Docket No. 76) is MOOT.

DATED: **February 12, 2008**

~~Honor~~able Edward J. Lodge
U. S. District Judge

MEMORANDUM DECISION AND ORDER 10